UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVID DELUCIA, as Fund Administrator of the
United Benefit Fund, ANDREW TALAMO, as
trustee of the United Benefit Fund, THOMAS D.
AMBROSIO, as trustee of the United Benefit Fund,
and THE UNITED BENEFIT FUND,

                                                  **REPORT AND**
                      Plaintiffs,                     **RECOMMENDATION**

    -against-                                            07-CV-3968 (FB) (JMA)


K&E AUTO REPAIR,
                      Defendant.
-------------------------------------------------------------------X


A P P E A R A N C E S:

Liam Louis Castro
Koehler & Isaacs LLP
61 Broadway
25th Floor
New York, NY 10006
917-551-1300
     *Attorney for Plaintiffs*


**AZRACK**, **United States Magistrate Judge:**

Plaintiffs David DeLucia, Andrew Talamo, and Thomas Ambrosio, as trustees of the United Benefit Fund (the "Fund") of Local 621 of the Construction Trades and Industrial Employees International Union ("Local 621"), commenced this action against defendant K & E Auto Repair ("K & E" or "defendant") pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover delinquent contributions and associated payments allegedly owed to the Fund. Although K & E was properly served with copies of the summons and complaint on December 3, 2007 (Dkt. No. 4), it failed to appear or otherwise defend against the action, and plaintiffs moved for a default

1

judgment on January 9, 2008 (Dkt. No. 6). On January 10, 2008, the Clerk of the Court noted the default. (Dkt. No. 7.) By Order dated March 25, 2008, the Honorable Frederic Block entered default judgment against K & E and referred the matter to me for a Report and Recommendation ("R & R") on plaintiffs' application for unpaid contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs. (Dkt. No. 8.)

For the reasons set forth below, I respectfully recommend that plaintiffs be awarded $7,576.40. This award reflects $4,650.00 in unpaid contributions, $603.90 in interest, $930.00 in liquidated damages, $455.00 in costs, and $937.50 in attorneys' fees.

## I. BACKGROUND

Plaintiffs David DeLucia, Andrew Talamo, and Thomas Ambrosio bring this action in their capacity as fiduciaries of the Funds. (Compl. ¶ 7.) The Fund is a multi-employer benefit plan, within the meaning of ERISA, organized for the purpose of providing health benefits to members of Local 621. (Compl. ¶ 4; Dkt. No. 9: Decl. of D. DeLucia ¶ 2 ("DeLucia Decl.").) K & E executed a Collective Bargaining Agreement ("CBA") with Local 621 with effective dates of June 15, 2006 through June 14, 2007. (See Compl. ¶ 9; DeLucia Decl. ¶ 9.) Under the terms of the CBA, K & E was required to remit $650.00 per month for each employee covered by the Family Plan and $250.00 per month for each employee covered by the Single Plan. (DeLucia Decl. Ex. A at 5 ("CBA").) Delinquent contributions are subject to damages including interest, liquidated damages as provided for in a separate Trust Agreement, and costs and attorney's fees incurred to recover payment. (CBA at 5.) The Trust Agreement sets the interest rate "at such rate as the Trustees may fix from time to time" and liquidated damages at 20% of the unpaid contributions. (DeLucia Decl. Ex. D Sec. 9(b)–(c) ("Trust Agreement").)

K & E failed to make required benefit contributions to the Funds for the period of February through March 2007 and thereby is in arrears to the Fund for $4,500.00 (Compl. ¶ 12.) By letter dated May 24, 2007, Local 621 informed defendant of the delinquency. (Id.). In response, defendant gave Local 621 checks for the delinquent contributions, however the checks failed to clear three times. (Compl. ¶ 13.) Plaintiffs now request that the Court enter judgment against defendant in the amount of $7,581.07. (DeLucia Decl. ¶ 10.) The requested judgment consists of: (1) $4,650.00 in unpaid contributions for the original delinquency for February through March 2007 and the additional month of April 2007; (2) $608.57 in pre-judgment interest; (3) $930.00 in liquidated damages; (4) $455.00 in costs; and (5) $937.50 in attorneys' fees. (DeLucia Decl. ¶ 10.)

## II. DISCUSSION

### A. Liability

Defendant's default amounts to an admission of liability and all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); Garden City Boxing Club, Inc. v. Batista, No. 05-CV-1044 (FB) (MDG), 2007 WL 4276836, at *2 (E.D.N.Y. Nov. 30, 2007) (citations omitted). The allegations in plaintiffs' complaint establish the elements of liability required to state a claim under ERISA Section 515. Section 515 states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." Plaintiffs allege that defendant entered into an agreement with Local 621

3

under which defendant was obligated to make contributions to the Funds and that defendant failed to make such contributions in a timely manner. (Compl. ¶¶ 16-20.)

**B. Remedies**

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Alcantara, 183 F.3d at 155 (citations omitted). Rather, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Second Circuit has approved the holding of an inquest by affidavit, without a hearing, as long as the Court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (citations omitted).

Plaintiffs seek unpaid contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs under ERISA. In support of their request for relief, they have submitted the declaration of Fund Trustee David DeLucia, copies of the CBA and Trust Agreements, invoices detailing the contributions due for each month of delinquency, and invoices describing the legal fees and costs they incurred in prosecuting this suit. I consider these submissions a sufficient basis upon which to determine the appropriate award and I will discuss each form of relief in turn.

**1.** *Unpaid Contributions*. Plaintiffs request $4,650.00 in unpaid contributions pursuant to ERISA Section 502(g)(2)(A). 29 U.S.C. § 1132(g)(2)(A). In support of their request, plaintiffs have submitted monthly invoices for February through April 2007. The invoices identify each covered employee that worked for K & E during the month by name, the employee's plan type, and the amount owed for each employee as determined by the CBA.

(DeLucia Decl. Ex. B.) The invoices indicate that during all three months, K & E employed the same three covered employees. (Id.) Two of the employees were members of the Family Plan and one was a member of the Single Plan. (Id.) Under the terms of the CBA, K & E was required to remit $650.00 per month for each Family Plan employee and $250.00 per month for each Single Plan employee. (CBA 5.) Consequently, for each month between February and April 2007, K & E owed $1,550.00 to the Fund ($650.00 X 2 + $250.00). Since there are three months of delinquency, I respectfully recommend that plaintiffs be awarded $4,650.00 in unpaid contributions.

2. *Interest on Unpaid Contributions*. Next, plaintiffs request interest in the amount of $608.57. (Compl. ¶ 8.) However, they have not indicated to the Court how they arrived at this figure. ERISA mandates an award of interest and directs interest to be calculated at the rate provided for in the benefit plan, or, if none, the Federal Short Term rate, as set by the Treasury Department, plus three percentage points. 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621. The Trust Agreement sets the interest rate "at such rate as the Trustees may fix from time to time." (Trust Agreement Sec. 9(b).) According to Trustee David DeLucia, the interest rate applicable here is "9%, compounded annually." (DeLucia Decl. ¶ 8.) Therefore, I respectfully recommend that plaintiffs be awarded $603.90 in interest.[1]

3. *Liquidated Damages*. Plaintiffs also seek liquidated damages in the amount of $930.00. ERISA Section § 502(g)(2)(C) entitles plaintiffs to the greater of (i) interest paid on the unpaid contributions or (ii) liquidated damages provided for under the plan, so long as they do

---

[1] I determined this figure in the following manner. First, I calculated the future value ("FV") of the delinquent funds using the standard compound interest formula of $FV=P(1+r)^y$, where $P$ is the principal, $r$ is the rate of interest and $y$ is time in years over which interest accrues. I then subtracted the principal from the future value to arrive at the interest. Because the delinquent payments were due in different months and therefore accrued interest over varying amounts of time, I calculated the interest due for each month of delinquency separately. I set the period of accrual of interest from the month the contribution was due to September 2008, the date the plaintiffs filed their motion for default. My calculations yielded $201.27 in interest for contributions due for February 2007, $188.74 in interest for contributions due for March 2007, and $213.89 interest for contributions due for April 2007.

5

not exceed twenty percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). The Trust Agreement sets liquidated damages at 20% of the unpaid contributions. (Trust Agreement Sec. 9(c).) Therefore, I respectfully recommend that plaintiffs be awarded 20% of the principal unpaid contributions for a total of $930.00 in liquidated damages.

**4.** *Costs.* ERISA directs the Court to award reasonable costs. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $455.00 in costs. (DeLucia Decl. ¶ 7). Plaintiffs have substantiated their costs with invoices indicating that a filing fee of $350.00 was incurred on September 17, 2008 and process service fees of $30.00 and $70.00 were incurred on November 9, 2007 and November 27, 2007 respectively. (DeLucia Decl Ex. C). Therefore, I respectfully recommend an award of $455.00 in costs.

**5.** *Attorneys' Fees*. ERISA further mandates the award of attorneys' fees. 29 U.S.C. § 1132(g)(2)(D). In the Second Circuit, attorney's fees for federal claims are determined according to the "presumptively reasonable fee" approach, which is calculated by multiplying a reasonable hourly rate by a reasonable number of expended hours. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186–90 (2d Cir. 2008). The Court has "considerable discretion" in determining the presumptively reasonable fee, however, it should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Id. at 190 (emphasis in original). Ultimately, the district court should be guided by what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay. Id. at 184, 192.

The fee applicant bears the burden of establishing the reasonableness of the hourly rate and the number of hours expended. New York State Teamsters Conference & Ret. Fund v. Erick

Sanitation, No. 92-CV-0292, 1992 WL 246880, at *4 (N.D.N.Y. Sept. 18, 1992). However, the district court may also rely upon its own knowledge of "the prevailing market rates in the relevant community for similar services for lawyers of reasonably comparable skill, experience and reputation." Chambless v. Masters, Mates, and Pilots Pension Plan, 885 F.2d 1053, 1058–59 (2d Cir. 1989) (internal citation and quotation marks omitted). In determining the reasonableness of the hours expended, the Court must assess "the value of the work product of the particular expenditures to the client's case." Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998). "If the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation[.]" Id. (internal citations and quotation marks omitted).

Plaintiffs request $937.50 in attorneys' fees, which represents 3.75 hours[2] billed at $250 per hour. (DeLucia Decl. ¶ 7, Ex. C.) Plaintiffs support their request with contemporaneous time records that detail the tasks their attorney, Liam Castro, completed for this case and the number of hours he expended on each task. Plaintiffs did not submit any evidence of prevailing market rates. Based on my review of similar cases involving defaulting defendants liable for unpaid contributions to benefit funds that have been litigated in this district, I find that $250 is a reasonable hourly rate. See, e.g., Trustees of the Local 813 I. B. T. Ins. Trust Fund v. Amanda Carting Corp., No. 07-CV-656 (FB) (KAM), 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (finding that the prevailing rates in this district have ranged from $200-$375 per hour for partners and $200-$250 per hour for senior associates) (citations omitted); see also LaBarbera v. J & A Concrete Corp., No. 01-CV-1731, 2008 WL 918244, at *3 (E.D.N.Y. Apr. 1, 2008) (awarding $275 per hour to experienced ERISA attorney); King v. STL Consulting, LLC, No.

---

[2] These 3. 75 hours consist of fifteen minutes drafting a delinquency letter, one hour preparing the complaint, thirty minutes attending the initial conference, and two hours drafting the motion for default judgment. (DeLucia Decl. Ex. C.)

05-CV-2719, 2006 WL 3335115, at *7–8 (E.D.N.Y. Oct. 3, 2006) (same). Additionally, I have reviewed the time records submitted by plaintiffs and I find that 3.75 hours was a reasonable expenditure of attorney time on this case. Therefore, I respectfully recommend that plaintiffs be awarded $937.50 in attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that a judgment of $7,576.40 be entered against the defendant. This sum consists of $4,650.00 in unpaid contributions, $603.90 in interest, $930.00 in liquidated damages, $937.50 in attorneys' fees and $455.00 in costs.

Plaintiffs are hereby ordered to serve a copy of this report and recommendation on defendant and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of the date of entry of this report and recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

SO ORDERED.

Dated: November 10, 2008
      Brooklyn, New York

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE